NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3163

YURI J. STOYANOV,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

<u>Yuri J. Stoyanov</u>, of Fulton, Maryland, pro se.

<u>Russell A. Shultis</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were <u>Tony West</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Steven J. Gillingham</u>, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3163

YURI J. STOYANOV,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of the Merit Systems Protection Board in DC0752080466-I-1.

———————————————

DECIDED: September 15, 2009

———————————————

Before MICHEL, <u>Chief Judge</u>, NEWMAN and MOORE <u>Circuit Judges.</u>

PER CURIAM.

Dr. Yuri J. Stoyanov petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining the Department of the Navy's suspension of Dr. Stoyanov from his position, based on the suspension of his security clearance. The suspension lasted for over 370 days, ending with the reinstatement of his clearance through the Navy's appellate processes. The Board held that it had no authority to review

the basis of the suspension and that it had no authority to review Dr. Stoyanov's charge that the suspension was improperly based on discrimination or on reprisal for whistleblowing. The Board held that the Navy had met the requirements of minimal due process in its imposition of the suspension, and that this was the limit of the Board's review authority. Stoyanov v. Department of Navy, No. DC-0752-08-0466-I-1 (M.S.P.B. July 22, 2008). We affirm, for review of matters related to security clearance is limited to the question of due process in accordance with Department of the Navy v. Egan, 484 U.S. 518 (1988).

BACKGROUND

Dr. Stoyanov is employed as a Physicist/Scientist with the Naval Surface Warfare Center, Carderock Division. This position requires access to information classified as Secret. On February 2, 2007, Dr. Stoyanov received a "Notice of Intent to Suspend Access to Classified Information and Assignment to a Sensitive Position." The notice stated the reasons as "falsification of time and attendance records, misuse of government resources, and lack of candor when questioned regarding your misconduct." The notice identified the following acts:

> a. On multiple occasions between February and May 2006, you used your government issued computer/email account to engage in communications with the HRSC, National Capital Region and Johns Hopkins University using the alias "Basil Stoyanov." By impersonating Basil Stoyanov, you misled representatives of the Department of Navy and Johns Hopkins.

> b. On 28 September 2006, you signed in for duty at 0811 hours and disappeared until approximately 0855 hours. Subsequently, when questioned as to your whereabouts, you claimed to be working in a classified work area; however, no one in the area observed you working, your supervisor did not observe your working in this area, and the computer records for this secured computer disclose your first sign in time to be 1000, which is significantly later than you claimed.

c. On 22 December 2006 and 5 January 2007, you signed in earlier than your actual arrival time, as observed by a witness.

d. You repeatedly ignore direction to limit your use of official time and you utilize government time and resources for unauthorized purposes (in excess of 200 incidences).

Stoyanov v. Department of Navy, No. DC-0752-08-0466-I-1, Separate Opinion of Neil A. G. McPhie at 2 (M.S.P.B. March 11, 2009). On February 5, 2007 Dr. Stoyanov requested the documentation to support these charges, and also requested thirty additional days to respond. On February 7, 2007, the Navy issued a "Notice to Indefinitely Suspend Access to Classified Information and Assignment to a Sensitive Position," by which the Navy suspended his security access. In this Notice, the Navy denied Dr. Stoyanov's requests for documentation and additional time, stating that he had received the statutory response period and that his response of February 5 did not address any of the concerns that had been raised in the February 2 Notice.

On February 9, 2007 Dr. Stoyanov again requested additional documentation and time, and stated that the suspension of his security clearance was in retaliation for his various EEO and whistleblowing claims against various Navy officials at his location. On February 15, 2007 the Navy issued a "Notice of Proposed Indefinite Suspension," which placed Dr. Stoyanov in a non-duty status with pay for a 30 day period, pending a final determination regarding the suspension of his security clearance. The suspension of his security clearance was the reason cited for the indefinite suspension. This Notice stated that he could respond "in writing, in person, or both." From the record, it appears that he responded in writing. On April 9, 2007 the Navy placed Dr. Stoyanov on indefinite non-duty, non-pay status as of April 15, 2007.

The record does not contain details of the ensuing Navy procedures. However, Dr. Stoyanov advised that on April 10, 2008 the Department of the Navy Personnel Security Appeals Board, reviewing a decision dated March 11, 2008 of the Navy Central Adjudication Facility, reversed the revocation of his security clearance. His indefinite suspension was terminated, effective April 27, 2008, and he was directed to report for duty on May 5, 2008.

Meanwhile, Dr. Stoyanov had taken an appeal to the Board. A hearing was held on July 14, 2008, after which the administrative judge ("AJ") held that the Board does not have jurisdiction to inquire into the merits of a decision to suspend a security clearance. Thus the AJ held that he was precluded from considering whether the suspension of Dr. Stoyanov's security clearance was in retaliation for his EEO or whistleblowing actions. The AJ observed that the Board's authority was limited to review of whether Dr. Stoyanov had received due process from the Navy; that is, whether Dr. Stoyanov received notice of the charges against him and had the opportunity to reply. The AJ held that the reasons given to Dr. Stoyanov were sufficient to enable a response, without the additional documentation and time that he requested. Accordingly, the AJ affirmed the Navy's suspension action.

Dr. Stoyanov petitioned the full Board for review. The full Board normally has three members, but had a vacancy and only two members participated in the review. These two members did not agree as to whether the Navy had provided sufficient detail of one of the four charges. In view of the split the AJ's decision became the final decision of the Board, in accordance with 5 C.F.R. §1200.3(b). This appeal followed.

ANALYSIS

Dr. Stoyanov argues that the Navy committed procedural flaws and that the Board erred, as follows: (1) the Navy's Notice of Intent was impermissibly vague; (2) the Board should have considered his whistleblowing reprisal claims; (3) he was improperly denied the information he needed to respond to the Navy's charges; (4) he was improperly denied the time extension he need to respond to the Navy's charges; (5) the Board failed to properly consider the Navy's violations of its own procedures and regulations as set forth in SECNAV M-5510-30 9-7 2(b); (6) the Navy failed to provide him the requisite due process; and (7) the Navy's indefinite suspension was "unlawful in its entirety."

In Egan, supra, the Supreme Court considered the Board's authority to review an adverse employment action, when the action is based on the revocation or suspension of security clearance. The Court concluded that the Board lacks such authority, beyond determination of whether there was minimal due process in connection with the suspension of clearance, and specifically, whether the agency provided the procedural protections specified in §7513(b). Egan, 484 U.S. at 530 ("An employee who is removed for 'cause' under § 7513, when his required clearance is denied, is entitled to the several procedural protections specified in that statute."). The Navy states that it followed the procedures set forth at §7513(b). These procedures apply to any federal employment action and relate to notice, the opportunity to reply, and to be informed of the decision and its reasons:

> (1) at least 30 days' advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action;
>
> (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;

(3) be represented by an attorney or other representative; and

(4) a written decision and the specific reasons therefor at the earliest practicable date.

5 U.S.C. §7513(b).

Notice under §7513(b) is sufficient if "it apprises the employee of the nature of the charges 'in sufficient detail to allow the employee to make an informed reply.'" King v. Alston, 75 F.3d 657 (Fed. Cir. 1996) (quoting Brook v. Corrado, 999 F.2d 523, 526 (Fed. Cir. 1993)). Brook requires that the employee have "adequate notice" of the nature of the charges to which he must respond. 999 F.2d at 526. However, "[n]owhere does section 7513(b) require notice to include explicitly every element of every charge underlying the proposed action." Id. at 526-27. Dr. Stoyanov argues that the Notice contained insufficient detail, particularly as to the fourth itemized reason given by the Navy, which was that Dr. Stoyanov "repeatedly ignore[d] direction to limit your use of official time and you utilize government time and resources for unauthorized purposes (in excess of 200 incidences)." The Notice did not include details of any of the 200 incidences. Dr. Stoyanov argues that the Navy improperly denied him the time and the documentation he needed to respond to the Navy's charges. The AJ found that the notice requirement had been met, and that although the Navy did not provide details, Dr. Stoyanov did not state that he was confused about the basis of the Navy's charges against him.

Dr. Stoyanov also argues that the Board should have considered that his security clearance was revoked in retaliation for his whistleblowing activity, and that the Board should have addressed whether his disclosures constituted "protected disclosures" within the meaning of the Whistleblower Protection Act. The Board concluded that it lacked jurisdiction to review this aspect, citing this court's decision in Hesse v. Department of

2009-7082                                    6

State, 217 F.3d 1372, 1377 (Fed. Cir. 1988), where this court applied Egan and held that "absent a clear indication from Congress that the Board was meant to review security clearance determinations when raised in an appeal under the [Whistleblower Protection Act of 1989], the principles of Egan compel" a conclusion that the Board lacks such jurisdiction. Applying Hesse, the Board was correct in holding that it lacks jurisdiction to review whether a security clearance revocation was an act of retaliation for whistleblowing.

Dr. Stoyanov also argues that the Navy violated its own internal regulations, citing SECNAV M-5510.30 9-7, which relates to the Navy's internal procedures in suspending access to classified information for cause. Dr. Stoyanov specifically identifies SECNAV M-5510.30 9-7(2)(b), which provides "Commands and activities must report all suspensions [of access to classified information] to the DON CAF no later than 10 working days from the date of the suspension action via JPAS, providing sufficient details to support adjudicative review." Dr. Stoyanov argues that the report of his suspension was not sufficient "to support adjudicative review" because the Navy "den[ied] evidence in support of adjudicative review."

The AJ held that "there is nothing in the record to even suggest that the agency failed to follow its own procedures in connection with the suspension of the appellant's security clearance." While agencies must follow the procedures in their own regulations, see Drumheller v. Department of the Army, 49 F.3d 1566, 1569-73 (Fed. Cir. 1995), we conclude that the AJ did not err in holding that Dr. Stoyanov did not prove that the Navy did not follow its own regulations, and did not establish "harmful error in the application of the agency's procedures in arriving at such decision." Romero v. Department of Defense, 527 F.3d 1324, 1328 (Fed. Cir. 2008). Other than for review of the agency's procedures in the

context of minimal due process, the Board adhered to the prohibition against Board review of the suspension of the security clearance. See Egan, 484 U.S. at 520.

Substantial evidence supports the Board's finding that the Navy "has adduced preponderant evidence showing that it provided the appellant with the statutorily mandated due process to which he was entitled" as to the security clearance suspension. These requirements were when Dr. Stoyanov was apprised of the charges against him and afforded the opportunity to respond, as outlined in §7513(b). Although Dr. Stoyanov contends that the suspension of his security clearance and ensuing suspension of his employment with the Navy was "unlawful in its entirety," this charge is not within the Board's purview, beyond determination of whether he received the minimal due process to which he is entitled in accordance with Egan. The Board correctly so held. That decision must be affirmed.

No costs.